**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TONY DUONG,

Defendant-Appellant.

No. 03-6028
(D.C. No. 02-CR-36-F)
(W. Dist. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **SEYMOUR**, Circuit Judge, and **BRORBY,** Senior Circuit Judge.

Mr. Tony Duong appeals his convictions for distributing pseudoephedrine (PSE) and money laundering. He contends there was insufficient evidence to sustain his convictions, and that the district court erred by denying his motion to disclose the identity of a confidential informant and by admitting into evidence his tax returns and financial records. We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The government was required to prove that Mr. Duong "possesse[d] or distribute[d] a listed chemical knowing, *or having reasonable cause to believe*, that the listed chemical [would] be used to manufacture a controlled substance." 21 U.S.C. § 841(c)(2) (emphasis added). We review the sufficiency of the evidence *de novo. United States v. Nguyen*, 155 F.3d 1219, 1223 (10th Cir. 1998). After analyzing the evidence and inferences therefrom in a light most favorable to the government, we must decide whether a reasonable jury could find beyond a reasonable doubt that Mr. Duong was guilty. *Id.*

After thoroughly reviewing the record and Mr. Duong's arguments, we conclude the government presented ample, albeit circumstantial, evidence from which the jury could conclude that Mr. Duong at least had reasonable cause to believe the PSE he possessed and distributed would be used to manufacture methamphetamine, an illegal use about which he had been specifically warned by the DEA when he received his license to sell it. Seven owners of convenience stores and one pastor testified that receipts for sales of PSE to their addresses were false or fabricated. Police found approximately 15,000 empty PSE bottles and one case label at a dump site. The lot numbers on the bottles and label matched the lot numbers on a sales receipt made out to Mr. Duong's company. The government presented evidence that Mr. Duong deposited unusually large sums of money after he was licensed to sell PSE, a particularly relevant fact

because his only other sales were cigarettes and candy. Moreover, an Internal Revenue Service agent testified that roughly $500,000 of bank deposits from Mr. Duong's company did not appear in Mr. Duong's 1999 tax returns. The jury was entitled to rely on all this evidence and reject Mr. Duong's argument that Mr. Tam Do was the wrongdoer and Mr. Duong was merely a "patsy." Aplee. Supp. App. at 411. As the district court noted, the "astronomical" volume of PSE that moved through Mr. Duong's company, even by his own reckoning of the amount, lends credence to the jury's finding that Mr. Duong had to know the PSE would be used illegally. *Id.* at 471.

Mr. Duong was also charged with laundering money throughout the month of May 2000. The jury acquitted him of the counts from dates prior to May 11, but convicted him of the counts corresponding to deposits after that date. Contrary to Mr. Duong's argument, this result does not demand reversal. A reasonable jury could doubt that Mr. Duong knew the money going through his account in early May came from illegally sold PSE and still be convinced beyond a reasonable doubt that Mr. Duong knew by the time he deposited money later in the month that it had come from illegal drug transactions. We conclude a reasonable jury could find Mr. Duong guilty beyond a reasonable doubt of money laundering.

We review the district court's denial of Mr. Duong's motion to disclose the

identity of a confidential informant for an abuse of discretion. *United States v. Gordon*, 173 F.3d 761, 767 (10th Cir. 1999); *United States v. Sinclair*, 109 F.3d 1527, 1538 (10th Cir. 1997). Mr. Duong bore the burden of showing the court the informant's testimony was relevant or essential to the fair determination of his case. *Gordon*, 173 F.3d at 767. In his motion, Mr. Duong vaguely asserted the confidential informant had exculpatory information. *See* Aplt. App. at 33-34. The district court considered the motion, conducted a hearing on the issue, and then took the matter under advisement in order to allow Mr. Duong time to file a supplemental submission of the specific materials he said he was relying on to support his motion. *Id.* at 58. Mr. Duong did not file the supplemental materials, and the court then found that Mr. Duong had failed to demonstrate the testimony of the confidential informant was relevant or essential to his case, concluding the value of the confidential informant's testimony was speculative. *Id.* at 59. The district court clearly acted within its discretion in denying Mr. Duong's motion when he failed to present sufficient detail explaining why the confidential informant's testimony was necessary to his defense. *See Gordon*, 173 F.3d at 768 (refusing to require disclosure of informant's identity on the basis of "speculation").

Moreover, Mr. Duong knew from DEA reports disclosed to him that the informant was an employee of Mr. Duong's company, and it appears from the

record that Mr. Duong probably knew the informant was his employee, Mr. Do. Thus, at trial, defense counsel's strategy was to convince the jury that Mr. Do was the guilty party rather than Mr. Duong, pointing to Mr. Do's guilty plea in Louisiana. *See Smith v. United States*, 273 F.2d 462, 465-66 (10th Cir. 1959) (no abuse of discretion to deny disclosure of confidential informant where evidence showed defendant knew who informant was).[1]

Mr. Duong also contends the district court erred by admitting his tax returns into evidence, claiming they were inadmissible to prove his character under Federal Rule of Evidence 404(b). Because Mr. Duong did not object to the admission of the evidence at trial, we review only for plain error. *United States v. Jones*, 44 F.3d 860, 875 (10th Cir. 1995). No such error occurred here. The government did not offer the tax returns to show Mr. Duong's character. Instead, it properly offered the evidence of Mr. Duong's underreporting of his taxes to show his knowledge that the money he was receiving came from unlawful activity. *See United States v. Briscoe*, 896 F.2d 1476, 1500 (7th Cir. 1990) (evidence of failure to file tax returns admissible under Rule 404(b) to show knowledge and intent concerning defendant's illicit narcotics trafficking activities); FED. R. EVID. 404(b) (other wrongful acts are admissible to show

---

[1] We deny as moot the government's motion to further supplement the record on this point.

knowledge).

Finally, Mr. Duong posits that the district court should not have admitted the financial documents created by his tax preparer, Ms. Jenny Shaw. This argument also fails. The court admitted the documents not as character evidence, but to impeach Ms. Shaw on cross-examination after she testified that she had prepared tax returns containing information substantially different from the information in the documents. Aplt. App. at 228-29. Moreover, Ms. Shaw testified that Mr. Duong was an honest person, and the exhibits were admitted to challenge that assertion. *Id.* at 223.

In sum, we hold the evidence against Mr. Duong was sufficient to sustain his conviction and the district court did not err either by refusing to disclose the confidential informant's identity, or by admitting into evidence Mr. Duong's tax returns and financial documents. For the foregoing reasons, we **AFFIRM**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge