FILED
United States Court of Appeals
Tenth Circuit

October 12, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

      v.

TONY DUONG,

      Defendant - Appellant.

No. 06-6373
(W.D. Oklahoma)
(D.C. Nos. CV-05-0299-Fand
CR-02-0036-F)

---

**ORDER**

---

Before **KELLY**, **MURPHY,** and **O'BRIEN**, Circuit Judges.

---

The matter is before this court on Appellant Tony Duong's request for a certificate of appealability ("COA"). Duong seeks a COA so he can proceed with his appeal from the district court's denial of the motion he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(b) (providing a petitioner may not appeal the denial of a § 2255 motion unless he first obtains a COA). Because Duong has not made "a substantial showing of the denial of a constitutional right," this court **denies** Duong's request for a COA and **dismisses** the appeal. *See id*. § 2253(c)(2).

Following a jury trial, Duong was convicted of drug and money laundering offenses. On direct appeal, Duong raised three allegations: (1) the evidence was

insufficient to support his convictions, (2) the trial court erred by denying his motion to reveal the identity of a confidential informant, and (3) the trial court improperly allowed the admission of his tax returns and financial records. This court rejected Duong's allegations of error and affirmed his convictions. *See United States v. Duong*, 85 Fed. Appx. 99 (10th Cir. 2003).

Duong filed the instant § 2255 motion on March 16, 2005. In addition to a claim his conviction was obtained by the unconstitutional failure of the Government to disclose exculpatory evidence, Duong raised several allegations of ineffective assistance of counsel, including assertions counsel (1) failed to effectively utilize an interpreter, (2) failed to call key witnesses or present exculpatory evidence, (3) failed to conduct an adequate pre-trial investigation, and (4) failed to adequately cross-examine the Government's key witness. Duong also claimed the cumulative errors of his trial counsel effectively denied him adequate counsel. After an evidentiary hearing, the district court denied Duong's motion, setting out its findings of fact and legal conclusions in a comprehensive memorandum opinion and order. Specifically, the court ruled there was an "entire failure of proof" on all issues except those related to the interpreter. As to that claim, the court applied the test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and concluded Duong was not entitled to habeas relief because he failed to show his counsel's performance fell below an objective standard of

reasonableness.  In the alternative, the court concluded Duong failed to carry his burden of establishing he was prejudiced by his counsel's performance.

This court cannot grant Duong a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  In evaluating whether Duong has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).  Duong is not required to demonstrate his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*  (quotations omitted).

This court has reviewed Duong's appellate brief, the district court's memorandum and order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Duong is not entitled to a COA.  Duong has wholly failed to sustain his burden of demonstrating he was prejudiced by his counsel's alleged deficient performance in failing to effectively utilize the court-appointed interpreter. *See United States v. Orange*, 447 F.3d 792, 796-97 (10th Cir. 2006) ("Because [a defendant] must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either

one is dispositive." (citation omitted)).  Further, Duong has abandoned the other four claims raised in his § 2255 motion by failing to include them in his appellate brief.

The district court's resolution of Duong's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Duong has not "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This court **denies** his request for a COA and **dismisses** this appeal.

Entered for the Court

*Elisabeth A. Shumaker*

Elisabeth A. Shumaker, Clerk

-4-